IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TRACY ROSNER,

       Plaintiff,                                                 CASE NO.:

v.

MIAMI-DADE COUNTY SCHOOL BOARD

       Defendant,
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, TRACY ROSNER, by and through her undersigned counsel and hereby sues Defendant, MIAMI-DADE COUNTY SCHOOL BOARD and in support thereof states as follows:

1. This suit is brought and jurisdiction lies pursuant to The Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1988, 2000e-2(a)(1) and 2000e-5(f)(1), and supplemental claims jurisdiction of state counts pursuant to 28 U.S.C. § 1367 through 760.11, Florida Statutes.

2. The Plaintiff, TRACY ROSNER (hereinafter referred to as "ROSNER"), is a White, non-Hispanic, resident of Miami-Dade County and is otherwise *sui juris*.

3. The Defendant, Miami-Dade County School Board (hereinafter MDCSB), is a government body that has supervisory authority over Coral Reef Elementary, the subject school at issue in this matter.

4. All of the discriminatory employment practices alleged herein were committed in Miami-Dade County, Florida, and as such, proper jurisdiction is in this Court, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 760.11, Fla. Stat.

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, FL 33133*

5. This action seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and the costs of bring this action for racial discrimination suffered by the Plaintiff, ROSNER due to the defendant's denial of terms and benefits of employment on account of race and national origin discrimination, and retaliation on the basis of her complaints of such discrimination.

6. Plaintiff duly filed a charge with the Equal Employment Opportunity Commission, and the Plaintiff received a "Notice of Right to Sue Within 90 Days" letter, and timely filed this suit.

7. Plaintiff ROSNER retained the Disability Independence Group, Inc., and has agreed to pay them a reasonable fee for their services herein.

## FACTS

8. The Plaintiff, Tracy Rosner, is a white, non-Hispanic, English speaking woman.

9. Ms. Rosner currently works as a general education teacher for the third grade College Preparatory track at Coral Reef Elementary School and has done so for the past five years. Ms. Rosner has been working for Coral Reef Elementary School for a total of ten years.

10. Coral Reef Elementary School is a public school located within the jurisdiction of the Defendant's Miami-Dade County School Board system.

11. Each grade at Coral Reef Elementary is divided into three tracks: gifted, Extended Foreign Language ("EFL") and college preparatory.

12. EFL is a program that offers students the opportunity to become proficient in speaking, reading, and writing English and one other language. The other language is taught for one hour per day, and the language instruction is not a gifted subject.

13. Ms. Rosner taught in the College Preparatory class for ten years and in 2015 sought to be reassigned to a different position. In Ms. Rosner's class in 2015, there were 32 students divided into two homerooms.

14. On May 9, 2015, Tracy Rosner requested to be reassigned to teach the district's Reading/Language Arts curriculum to students enrolled in the EFL program at Coral Reef Elementary School. Ms. Rosner made this request pursuant to MDCSB's policy that allows a teacher to be considered for reassignment for the following school year, upon request, in order to make certain that teachers are not frozen in their particular assignment.

15. Ms. Christina Guerra, the principal of Coral Reef Elementary School, denied Ms. Rosner's request for reassignment on the basis of her race and national origin based on Ms. Guerra's policy that the EFL Reading/Language Arts Teacher at Coral Reef Elementary School must be fluent and proficient in the Spanish language in order to teach the Spanish component of the EFL Reading/Language Arts program.

16. The 2013-2014 EFL guidebook for Miami-Dade County does not require that the reading/language teacher provide foreign language, in fact, a teacher of any subject at the school who is language proficient can teach the foreign language component of an EFL program.

17. Ms. Christina Guerra, set a requirement for Coral Reef Elementary School that the Reading and Language Arts Teacher must also teach the one hour per day Spanish

speaking and the writing and grammar component. There is no prohibition to the Math and Science teacher to teach the Spanish speaking and the writing and grammar component, or any other teacher to teach the one-hour Spanish speaking and the writing and grammar component.

18. On numerous occasions Ms. Rosner suggested that Ms. Guerra invert her model of EFL teaching to properly accommodate Ms. Rosner's wish to be reassigned however on each occasion Ms. Guerra refused.

19. Ms. Rosner is a reading teacher at Coral Reef Elementary School and was otherwise fully qualified for the position. However, because of her race and national origin as a Non-Hispanic individual who was not a fluent and native Spanish-speaker, Ms. Rosner was denied a positon as a Reading/Language Arts teacher with the EFL program.

20. In response to Ms. Rosner's request for reassignment to teach the Reading/Language Arts curriculum to students enrolled in the EFL program, Ms. Guerra retaliated against Ms. Rosner.

21. Ms. Guerra began to make negative comments about Ms. Rosner to Ms. Rosner's colleagues.

22. Since Ms. Guerra became principal at Coral Reef Elementary School, all teachers in the intermediate grades (3,4,5) were departmentalized.

23. In retaliation for her complaints, Ms Guerra altered this departmentalized structure for the third grade college preparatory class and altered the structure so third grade was the only self-contained grade in the school. Ms. Rosner was assigned to a self-contained college preparatory program, and as such, doubled Ms. Rosner's workload.

For the following school year, Ms. Rosner has been assigned to teach all subjects in addition to the reading and language arts courses that she would normally teach. There are no other teachers at Coral Reef Elementary that teach a self-contained program.

24. Ms. Rosner complained to the union steward as well as the Superintendent, Mr. Carvalho, and many persons from his office, but the complaint was ignored.

25. Ms. Rosner made a formal internal complaint with the MDCPS civil rights Office and they found no Probable cause and closed the case.

26. Ms. Rosner belongs to a class of persons whom Title VII of 1964 protects from employment discrimination as a citizen of the U.S who has been discriminated against based on national origin as a person whose origin is from an English speaking county.

27. The Spanish only requirement has a disparate impact on the basis of national origin without any pedagogical rationale or justification.

28. The actions of the Defendant were in deliberate disregard of the protected rights of Tracy Rosner.

29. Any other conditions precedent to the filing of this action have been satisfied, or have been waived.

## **COUNT I – EMPLOYMENT DISCIMINATION-**

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 above as though fully set forth herein:

31. The Defendant denied Tracy Rosner a position as a Reading/Language Instructor for the EFL program by at Coral Reef Elementary.

32. The Defendant's proffered reasoning for this denial is that Coral reef elementary, an agent of the Defendant, requires all Reading/Language Arts instructors of the EFL program be fluent and proficient in the Spanish language.

33. The 2013-2014 EFL guidebook for Miami-Dade County does not require that the reading/language teacher provide Spanish instruction. The Math/Science teacher may also teach the Spanish Language component of the EFL program.

34. Proficiency and fluency in the Spanish language is therefore not a bona fide requirement or necessity for Reading/Language Arts instructors participating in the EFL program in the state of Florida. The Defendant's proffered reasoning is pretextual.

35. Tracy Rosner belongs to a class of persons whom Title VII of 1964 protects from employment discrimination as a non-Hispanic English speaking individual in Miami-Dade County

36. By instituting a Spanish only requirement for Reading/Language Arts instructors in the EFL program and denying Tracy Rosner's request to be reassigned to this position, the Defendant has subjected Ms. Rosner to employment discrimination on the basis of race and national origin.

37. As of 2014 nearly 67% of the Miami-Dade County population is of Hispanic or Latino decent. Non- Spanish speakers make up only 33% percent of the population. As a minority any employment practice that seeks employment of only Spanish speakers disproportionately affects.

38. Ms. ROSNER is the victim of unfair employment practices prohibited by Title VII of the Civil Rights Act of 1964, and Chapter 760.10, Florida Statutes, which prohibits employment discrimination based on race, color, religion, sex, or national origin.

39. Defendant, MDCPS engaged in policies and practices which willfully discriminated against Ms. Rosner because of her race and national origin, with respect to the failure to provide a position and the terms conditions, and privileges of her employment.

40. Defendant, MDCPS had direct knowledge of this discrimination, as the acts of discrimination were that of its agents and supervisory employees with respect to this discrimination.

41. As a direct and proximate result of Ms. Rosner's discrimination on the basis of her race and national origin, Ms. Rosner was not provided a transfer, but instead subject to harassment and suffered additional work responsibilities, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

42. Ms. Rosner is entitled to reasonable attorney's fees, including litigation expenses, and other costs in this action.

WHEREFORE, Plaintiff TRACY ROSNER demands judgment against Defendant MIAMI-DADE COUNTY SCHOOL BOARD for equitable relief of a position as the Reading/Language Arts teacher with the EFL program, compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, punitive damages, interest, and attorney's fees and litigation costs, and grant any such other and further relief as this Court deems just and equitable.

**COUNT II – RETALIATION PURSUANT TO 42 U.S.C. §2000-e(3) and 760.10(7)**

43. Plaintiff, ROSNER, reasserts and states the allegations contained within Paragraphs one through 27, as if they had been set forth herein.

44. Only after complaining about the failure to transfer due to race and national origin, and formally opposing Ms. Guerra's and MDCPS' discriminatory acts, Ms. Guerra began a systematic campaign to alter the terms, privileges, and conditions of Ms. Rosner's employment.

45. The change in the terms, privileges and conditions of Ms. Rosner's employment were directly related to her complaint of discrimination to MDCPS

46. Defendant, MDCPS had direct knowledge of this discrimination, and directed this discrimination, as the acts of discrimination were that of its agents and supervisory and executive employees with respect to this discrimination.

47. As a direct and proximate result of the retaliation against Ms. Rosner, and the violation of her rights under 42 U.S.C. § 2000-e(3) and § 760.10(7), Ms. Rosner was provided a less desirable position and has damages including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

48. Ms. Rosner is entitled to reasonable attorney's fees, including litigation expenses, and other costs in this action.

WHEREFORE, Plaintiff TRACY ROSNER demands judgment against Defendant MIAMI-DADE COUNTY SCHOOL BOARD for equitable relief of a position as the Reading/Language Arts teacher with the EFL program, compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of

life, and other nonpecuniary losses, punitive damages, interest, and attorney's fees and litigation costs, and grant any such other and further relief as this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served electronically on this 11th day of July, 2016.

>DISABILITY INDEPENDENCE GROUP, INC.
>2990 Southwest 35th Avenue
>Miami, Florida 33133
>Phone (305) 669-2822
>Facsimile (305) 442-4181
>E-Mail: mdietz@justdigit.org
>        aa@justdigit.org
>        lgoodman@justdigit.org
>
>
>By: /s/ Matthew W. Dietz
>Lisa C. Goodman, Esq.
>FL BAR NO.: 118698
>Matthew W. Dietz, Esq.
>FL BAR NO.: 0084905